UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

IN RE:                                          CASE NO. 18-16248-MAM

CHANCE & ANTHEM, LLC,                           CHAPTER 7

     Debtor.

_____/

ROBERT C. FURR.

     Plaintiff,

v.                                              ADV. NO. 19-01299-MAM

AIR CENTER, INC.,

     Defendant.

_____/

### JEFFREY M. SISKIND'S MOTION TO INTERVENE

    COMES NOW, Jeffrey M. Siskind ("Movant") former managing member of Chance & Anthem, LLC (the "Debtor"), and moves to intervene in the above styled adversary case, and states:

    1.    Movant seeks to intervene in this action pursuant to Fed. R. Civ. P. 24 which permits intervention of right by a party which claims an interest relating to the property or transaction that is the subject of the action and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest, and allows permissive intervention by a Party which has a claim or defense that shares with the main action a common question of law or fact.

    2.    In its complaint to claw back property from Defendant, the Trustee has grossly misrepresented that legitimate business transactions conducted by Movant were a 'scheme' by Movant to enrich himself, The Chapter 7 Trustee knowingly made these false and scandalous

allegations, including false claims of concealment and failures to disclose by Movant, in order to inhibit the named Defendant herein from adequately defending its interests against the Chapter 7 Trustee's claims.

3.    Movant witnessed firsthand the employment of similar less than forthright tactics by this Chapter 7 Trustee in another bankruptcy matter where Movant's client fared better than other defendants who allowed themselves to be bullied.  These contemptuous actions are as suspect as still unresolved questions surrounding the manner in which the Chapter 7 Trustee came to be employed in this case.

4.    In a transparent effort to increase its own administrative fees at the expense of legitimate creditors, the Chapter 7 Trustee, who purports to represent the interests of these creditors, has refused to recognize the value of the bankruptcy estate's chief asset and failed to reject various unsupportable claims, including those made by an incarcerated felon and Robert Gibson, Movant's former paralegal, whose services were terminated by Movant for illegally practicing law and after Movant's discovery of said paralegal's history of fraud and numerous arrests.

5.    In violation of its various duties to all creditors in the bankruptcy case underlying this adversary matter, the Chapter 7 Trustee has failed to adequately investigate Mr. Gibson's unlawful acquisition of title to a remainder interest in valuable real property, conducted with said Chapter 7 Trustee's knowledge and acquiescence, and demonstrating both a lack of discretion and independence, and an undisclosed and disqualifying link to an individual purported creditor which the Chapter 7 Trustee disingenuously refers to as merely a 'relief defendant.'

6.    The Chapter 7 Trustee's unnecessary scandalous, impertinent statements and disregarded duties, while demonstrating a lack of discretion and candor, are an assault upon Movant's integrity and reputation, which Movant must be given an opportunity to defend herein,

both on behalf of Movant and to foster a fair result with respect to the instant adversary defendant, and clearly outweigh any position which the Chapter 7 trustee may adopt to contest intervention.  As required, attached is a pleading which requests that said scandalous and impertinent language be stricken, and for clarification requesting that the Chapter 7 Trustee amend its instant complaint in order to adequately set forth facts which form the basis of its claims against Defendant herein, or admit that it lacks sufficient facts to serve as said adequate basis for its claims. Movant's attached motion comports with Florida's emphasis on truth; that the search for truth in litigation is paramount, as opposed to procedural "tricks and technicalities of the trade" as practiced by the Chapter 7 Trustee.  See *Cabot v. Clearwater Construction Co.,* 89 So. 2d 662, 664 (Fla.1956) and its progeny.

7.     In determining whether to permit intervention, the Court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights. This necessarily requiring some balancing of factors, including whether an intervenor's presence will elucidate matters that may assist an adversary defendant to recognize its defensive rights, such as conveying pertinent facts to an uninformed party that might otherwise not recognize the value in defending vigorously against the Chapter 7 Trustee's colorful but unsupportable claims. To wit, most adversary case defendants don't realize that a Chapter 7 trustee merely represents the interests of creditors and must refrain from making unnecessary and unfounded claims such as those made against Movant herein.

WHEREFORE, Movant requests that it be permitted to intervene, and for such other and further relief as appropriate.

**S I S K I N D   L E G A L**

___*/s/ Jeffrey M. Siskind*___
Jeffrey M. Siskind, Esquire

FBN 138746
3465 Santa Barbara Drive
Wellington, FL 33414
TEL    (561) 791-9565
FAX    (561) 791-9581
Email: jeffsiskind@msn.com

## **CERTIFICATE OF SERVICE**

This paper, by the filing hereof on CM/ECF, is hereby served upon the Chapter 7 Trustee and all parties registered thereon, and by U.S. Mail upon Defendant at the address set forth on the attached service list, this 7th day of September, 2019

_____/s/ Jeffrey M. Siskind_____
Jeffrey M. Siskind, Esquire

<u>SERVICE LIST</u>

AIR CENTER, INC. c/o David Guerrieri, PTD 1201 E. Whitcomb Avenue Madison Heights, MI 48071

AIR CENTER, INC. c/o Michael Clark, VSD 1201 E. Whitcomb Avenue Madison Heights, MI 48071

AIR CENTER, INC. c/o David Guerrieri, Registered Agent 3628 Winding Brook Circle Rochester Hills, Florida 48309

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

IN RE:                                                    CASE NO. 18-16248-MAM

CHANCE & ANTHEM, LLC,                                     CHAPTER 7

     Debtor.

_____/

ROBERT C. FURR.

     Plaintiff,

v.                                                        ADV. NO. 19-01299-MAM

AIR CENTER, INC.,

     Defendant.

_____/

**MOTION TO STRIKE CHAPTER 7 TRUSTEE'S SCANDALOUS,
IMPERTINENT ALLEGATIONS AND FOR CLARIFICATION**

COMES NOW Jeffrey M. Siskind, Intervenor, and moves to strike the Chapter 7 trustee's scandalous, impertinent allegations and for clarification, and states:

1.     This pleading requests that scandalous and impertinent language contained within the Chapter 7 Trustee's complaint be stricken, and for clarification of said complaint, to wit; that the Chapter 7 Trustee amend its instant complaint in order to adequately set forth sufficient facts which form the basis of its claims against Defendant herein, or admit that it lacks sufficient facts to serve as said adequate basis for its claims.

2.     The Chapter 7 Trustee inasmuch as admitted that it did not possess sufficient facts on which to base its allegations that the Palm Beach Post newspaper improperly equated with 'bilking' of investor funds by Movant when it attempted to obtain preliminary injunctive relief based upon inadequate 'summaries' at an evidentiary hearing held in August, 2019 after nearly a year-long investigation into Debtor's operations.

3.      On the same date that the Chapter 7 Trustee filed this adversary action, it also brought an adversary complaint against Movant and others which disingenuously attempts to characterize two large scale development projects as a scheme to prop up Movant's lifestyle. The Chapter 7 Trustee's claims wholly ignore the Debtor's business operations, and the summaries which the Chapter 7 Trustee attempted to introduce failed to include any information pertaining to financial contributions made by Movant, and any mention of the nearly a dozen individuals and numerous subcontractors whose services were employed in the execution of the Debtor's development projects.

4.      These considerations, combined with the Chapter 7 Trustee's demonstrated intent to ignore the bankruptcy estate's most valuable asset and instead focus on what it perceives to be 'easy prey' to recover sufficient funds to cover its own administrative fees, should raise concerns.

5.      The Court should also acknowledge that nearly all unsophisticated adversary complaint defendants are not readily aware of their defenses, and that thirty (30) days to respond to an adversary complaint is inadequate for all but those defendants which are already familiar with the nuances of bankruptcy.  Most adversary defendants also don't realize that a Chapter 7 trustee's function is to represent the interests of creditors and that the trustee is strictly limited as to means and methods which it can employ.

6.      At first blush, the instant adversary complaint appears overwhelming.  Movant submits that the Chapter 7 trustee specifically designed it to be so, in order that the named Defendant fails to protect its interests.

7.      For this reason, Movant requests that all unnecessary scandalous, impertinent allegations be stricken, and that sufficient facts underlying the Chapter 7 Trustee's attempt to recover property from Defendant be articulated in order to properly inform Defendant.  Because

the Chapter 7 trustee's initial complaint likely improperly influenced Defendant, Intervenor also requests an enlargement of time for Defendant to respond to Plaintiff's complaint.  Enlargement of time is also warranted by the probable lack of effective notice, inasmuch as Defendant may be typical of most and not know that service by U.S. Mail is sufficient.  Instead, in the interest of judicial economy and to avoid having to undo an inadvertent default by Defendant, the Chapter 7 Trustee should be directed to contact Defendant to explain service by U.S. Mail.

WHEREFORE, Movant requests that scandalous allegations be stricken, that the Chapter 7 Trustee's complaint be clarified, and that Defendant be granted an enlargement of time to respond once these defects are remedied.

**S I S K I N D   L E G A L**

    _/s/ Jeffrey M. Siskind_____
Jeffrey M. Siskind, Esquire
FBN 138746
3465 Santa Barbara Drive
Wellington, FL  33414
TEL    (561) 791-9565
FAX    (561) 791-9581
Email: jeffsiskind@msn.com

**CERTIFICATE OF SERVICE**

This paper, by the filing hereof on CM/ECF, is hereby served upon the Chapter 7 Trustee and all parties registered thereon, and by U.S. Mail upon Defendant at the address set forth on the attached service list, this 7th day of September, 2019

    ___/s/ Jeffrey M. Siskind____
Jeffrey M. Siskind, Esquire

<u>SERVICE LIST</u>

AIR CENTER, INC. c/o David Guerrieri, PTD 1201 E. Whitcomb Avenue Madison Heights, MI 48071

AIR CENTER, INC. c/o Michael Clark, VSD 1201 E. Whitcomb Avenue Madison Heights, MI 48071

AIR CENTER, INC. c/o David Guerrieri, Registered Agent 3628 Winding Brook Circle Rochester Hills, Florida 48309