**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
**www.flsb.uscourts.gov**

In re:

CHANCE & ANTHEM, LLC,

      Debtor.

_____/

ROBERT C. FURR, not individually but
as Chapter 7 Trustee of the estate of the
Debtor, Chance & Anthem, LLC,

      Plaintiff,

v.

AIR CENTER, INC.,

      Defendant.

_____/

Case No. 18-16248-BKC-MAM
Chapter 7


ADV. NO. 19-01299-MAM

**SUPPLEMENTAL RESPONSE AND OPPOSITION BY PLAINTIFF, ROBERT C.
FURR, AS CHAPTER 7 TRUSTEE, TO JEFFREY M. SISKIND'S
MOTION TO STRIKE**

      Plaintiff, Robert C. Furr ("Plaintiff"), as Chapter 7 Trustee of the Debtor, Chance &
Anthem, LLC (the "Debtor"), by and through counsel, and pursuant to Rule 12(f), Federal Rule
of Civil Procedure, as incorporated by Federal Rule of Bankruptcy Procedure 7012, files this
Supplemental Response And Opposition By Plaintiff, Robert C. Furr, As Chapter 7 Trustee (the
"Supplemental Response") to Movant, Jeffrey M. Siskind's ("Siskind") Motion to Strike
Chapter 7 Trustee's Scandalous, Impertinent Allegations and for Clarification [Adv. D.E. 12]
(the "Motion to Strike") and in support of this Supplemental Response states, as follows:

I.      **PROCEDURAL BACKGROUND**

      1.      On August 6, 2019, the Plaintiff commenced this action by filing the Adversary

Complaint To Avoid And To Recover Fraudulent Transfers And For Other Relief (the "Adversary Complaint") [Adv. D.E. 1] against the Defendant, Air Center, Inc. ("Defendant" or "Air Center"), in the above adversary proceeding (the "Adversary Case").

2.      In the Adversary Complaint, the Trustee seeks to avoid and recover certain alleged fraudulent transfers totaling $17,000.00 pursuant to § 726.105(1)(b), Florida Statutes, and 11 U.S.C. § 544(b)(1) and § 550 of the Bankruptcy Code (Count I) and for Unjust Enrichment (Count II) (collectively, the "Transfer Claims").

3.      On September 7, 2019, Siskind filed his Motion to Strike [Adv. D.E. 12][1] generally arguing, but without specifying or clarifying for the Court, that the Adversary Complaint contained unspecified "scandalous and impertinent language" that should be stricken.

4.      On September 30, 2019, Plaintiff filed his Response and Opposition to the Motion to Strike noting that: (i) Siskind lacked standing to file the Motion to Strike; and (ii) the Motion to Strike was meritless because the allegations contained in Plaintiff's Adversary Complaint are neither impertinent nor scandalous [Adv. D.E. 17].

5.      On October 2, 2019, the Court held preliminary hearings (the "Hearings") on the Motions to Strike, among other matters, including the Motions to Intervene filed in the Adversary Cases [Adv. D.E. 11, 13].

6.      On October 3, 2019, the Court issued its Order Directing Submission of Document (the "Order") which, among other things, directed Siskind to submit a copy of the Adversary Complaint and identify "the language to which he objects marked in a manner that the Court and Plaintiff can use to identify precisely which language Mr. Siskind finds objectionable." [Adv. D.E. 18].

---

[1] Similarly, nearly identical Motions to Strike were filed in the following adversary proceedings styled: (i) *Robert C. Furr v. Ocean Reef Club, Inc.*; Adv. Case No. 19-01302-MAM and (ii) *Robert C. Furr v. New Country Motor Cars of Palm Beach, LLC*; Adv. Case No. 19-01300-MAM for which the Plaintiff filed Responses [Adv. D.E. 10 & 13].

7.      Although Siskind subsequently complied with the Order, he failed to advise the Court or Plaintiff, as to the reasons why such language purportedly rises to the level of impertinent or scandalous material such that it should be stricken from the record.

8.      For the reasons set forth in this Supplemental Response, the Motion to Strike lacks merit and should be denied.

## II.    LEGAL ARGUMENT

### A.    The Allegations in the Adversary Complaint Are Relevant and Necessary to Prove Actual and Constructive Fraudulent Intent.

Rule 12(f) of the Federal Rules of Civil Procedure, as made applicable to this Adversary Proceeding by Rule 7012 of the Federal Rules of Bankruptcy Procedure, provides in part:

> (f) Motion to Strike. The court may strike from a pleading an insufficient defense or any redundant, immaterial, *impertinent*, or *scandalous* matter.

Fed. R. Civ. P. 12(f) (emphasis added).

To prevail on a motion to strike impertinent material under Rule 12(f), a party must demonstrate the allegations "do not pertain, and are not necessary, to the issues in question." *Blake v. Batmasian*, 318 F.R.D. 698, n.1 (S.D. Fla. 2017); *St. Johns County School Dist*., No. 3:09-cv-250-J-20TEM, 2009 WL 1941482 at *1 (M.D. Fla. July 7, 2009). Stated differently, material will not be stricken as impertinent "[i]f part of the challenged material is…so connected with the subject matter of the suit that it might be deemed to present a question of law or fact that the district court is obligated to hear and determine[.]" *Wright & Miller, Federal Practice and Procedure: Civil* § 1382 (3d ed. 2004).

In this case, Siskind moves to strike as impertinent the allegations that the Debtor, acting through Siskind as the Debtor's sole manager, lawyer, and alter ego, made fraudulent transfers to defraud its creditors. [Adv. D.E. 12]. In the Adversary Complaint, Plaintiff specifically alleges claims against Air Center to avoid and recover constructively fraudulent transfers pursuant to

Sections 544 and 550 of Title 11 of the United States Code and Chapter 726, Florida Statutes (Count I) and for Unjust Enrichment (Count II) [Adv. D.E. 1]. Furthermore, Plaintiff alleges the Debtor did not receive the reasonably equivalent value for each transfer identified in the Adversary Complaint. Florida district courts make clear that such allegations are impertinent only if they have no possible relation to the case at bar. *See Blake*, 318 F.R.D. at n.1.

Here, the allegations are both related to and necessary for Plaintiff to meet its burden of proof for constructive fraud. To demonstrate *constructive* fraud, the trustee must prove that the debtor was insolvent at the time the transfer was made and received less than reasonably equivalent value in exchange for the transfer. *In re World Vision Entertainment, Inc*., 275 B.R. 641, 655 (M.D. Fla. 2002). The underlying basis of the Transfer Claims also encapsulate several badges of fraud found in actual intent transfer cases. "Given the difficulties in establishing a debtor's actual intent, courts generally look at the *totality of the circumstances and the badges of fraud* surrounding the transfers." *Id.* (citing *Model Imperial, Inc.,* 250 B.R. 776, 790-791 (Bankr. S.D. Fla. 2009) (Hyman, Jr., J.) (emphasis added)). Indeed, "[b]ecause a debtor is not likely to testify that he had the requisite intent to defraud creditors, the intent to hinder, delay, or defraud can be inferred from extrinsic evidence and the presence of badges of fraud." *Menotte v. Leonard* (*In re Leonard*), 418 B.R. 477, 487 (Bankr. S.D. Fla. 2009) (quoting *Bakst v. Clarkston (In re Clarkston),* 387 B.R. 882, 887 (Bankr. S.D. Fla. 2008)). Thus, "[t]o determine whether circumstantial evidence supports an inference of an intent," in most cases, courts look to the "badges of fraud." *In re Toy King Distributors, Inc.,* 256 B.R. 1, 126–27 (Bankr. M.D. Fla. 2000) (treating § 726.105 as state law equivalent of 11 U.S.C. § 548(a)(1)(A) and treating § 726.106 as state law equivalent of § 548(a)(1)(B)).

Notably, the Eleventh Circuit has adopted the badges of fraud contained in the Florida fraudulent transfer statute. *In re Levine,* 134 F.3d 1046, 1053 (11th Cir. 1998). In this case, the allegations at issue evince the presence of several badges of fraud, including whether: (1) the transfers were to an insider; (2) the transfers were disclosed or concealed; (3) the Debtor removed or concealed assets; (4) the value of the consideration received by the Debtor was not reasonably equivalent to the value of the asset transferred; (5) the Debtor was insolvent or became insolvent shortly after the transfers were made; and (6) the debtor was insolvent or became insolvent shortly after the transfer was made;. *Dionne v. Keating (In re XYZ Options, Inc.),* 154 F.3d 1262, 1271 (11th Cir. 1998) (circumstantial evidence known as the badges of fraud may be used to prove fraudulent intent) [Adv. D.E. 1].  Moreover, the issue of insolvency, and whether the Debtor received reasonably equivalent value in exchange for the transfers or was left with "unreasonably small capital," within the meaning of the constructive fraudulent transfer statutes, may also involve the pleading requirement under the "totality of the circumstances test". *In re BMT-NW Acquisitions, LLC*, 582 B.R. 846 (D. Del. 2018).

However, in connection with the Motion to Strike and Order, the submission by Suskind is completely devoid of any authority or factual evidence that would negate the presence of these badges of fraud or suggest, at a minimum, that the allegations are somehow unrelated to the Adversary Case. Accordingly, the allegations contained in the Adversary Complaint are not only directly related to the instant action, but they are also necessary for Plaintiff to prove its case. As such, the Motion to Strike must be denied.

### B.    The Allegations are Relevant and Potentially True and, Thus, Are Not Scandalous Under Federal Rule of Civil Procedure 12(f).

Siskind further asserts the same allegations are "scandalous" within the meaning of Rule 12(f) and should likewise be stricken. To strike scandalous material from a pleading, a court

must determine such material is "obviously false **and** unrelated to the subject matter of the action." *See St. Johns County*, 2009 WL 1941482 at *4 (emphasis added). Notably, "it is not enough that the matter offends the sensibilities of the objecting party if the challenged allegations describe acts that are relevant to the action." *Id*. Instead, the language must "unnecessarily reflect on the moral character of an individual or state[] anything in repulsive language that detracts from the dignity of the court." *Id*.

Here, as noted above, the allegations regarding Siskind's involvement in the fraudulent transfers are not only related, but also necessary to the Adversary Case and allegations supporting the Transfer Claims as set forth in the Adversary Complaint. And, while Siskind may find the allegations unpleasant, Plaintiff is still entitled to plead those facts as relevant to its causes of action. *See id*. Moreover, the allegations are neither "obviously untrue" nor are they alleged in "repulsive language", nor has Siskind asserted as much. In fact, it is clear on the face of the Adversary Complaint that the allegations were neither phrased in offensive language nor plead to harass or disparage Siskind. *See* [Adv. D.E. 1]. Instead, Plaintiff included the relevant allegations and information following its detailed investigations that showed its claims are likely true. Accordingly, because the allegations against Siskind are relevant, carry the potential to be true, and do not offend the dignity of the Court, they do not rise to the level of "scandalous" material under Rule 12(f), and the Motion to Strike must be denied.

**WHEREFORE**, Plaintiff, Robert C. Furr, as Chapter 7 Trustee, respectfully requests that the Court enter an Order (i) sustaining and granting the Supplemental Response; (ii) denying the Motion to Strike; and (iii) for such further relief as the Court deems just and appropriate.

Respectfully submitted this  **21**<sup>st</sup> **day of October, 2019.**

> **GENOVESE JOBLOVE & BATTISTA, P.A.**
> Counsel to the Chapter 7 Trustee
> 100 S.E. 2nd Street, Suite 4400
> Miami, FL  33131
> Tel.: (305) 349-2300
> Fax.: (305) 349-2310
>
> By: /s/  Barry P. Gruher, Esq.
>     John H. Genovese, Esq.
>     Florida Bar No. 280852
>     jgenovese@gjb-law.com
>     Jesus M. Suarez, Esq.
>     Fla. Bar No. 60086
>     jsuarez@gjb-law.com
>     Barry P. Gruher, Esq.
>     Fla. Bar No. 960993
>     bgruher@gjb-law.com

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via CM/ECF Notification upon all interested parties registered to receive electronic notification in this matter and/or via U.S. Mail as indicated on the Service List below on this  21st  day of October, 2019.

> By: /s/  Barry P. Gruher
>     Barry P. Gruher, Esq.

## SERVICE LIST

### *Served Via CM/ECF Notification*

Jeffrey M Siskind on behalf of Interested Party Jeffrey M Siskind jeffsiskind@msn.com, jmsesq500@gmail.com

Jesus M Suarez on behalf of Plaintiff Robert C. Furr jsuarez@gjb-law.com, gjbecf@gjb-law.com; chopkins@gjb-law.com; jzamora@gjb-law.com; ecastellanos@gjb-law.com; gjbecf@ecf.courtdrive.com

### *Served Via U.S. Mail*

Daniel D. Barks, Esq.
*Counsel to Defendant*
Speiser Krause
1750 Tysons Boulevard
Suite 1500 PMB #41
McLean, VA 22102