UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No. 18-16248-BKC-MAM |
| | Chapter 7 |
| CHANCE & ANTHEM, LLC, | |
|     Debtor. | |
| _____/ | |
| ROBERT C. FURR not individually but as Chapter 7 Trustee of the estate of the Debtor, Chance & Anthem, LLC, | ADV. NO. 19-01299-MAM |
|     Plaintiff, | |
| v. | |
| AIRCENTER, INC., | |
|     Defendant. | |
| _____/ | |

## NOTICE OF FILING

Robert C. Furr (the "Trustee" or "Plaintiff"), not individually but as Chapter 7 Trustee of

the Bankruptcy Estate of the Debtor, Chance & Anthem, LLC (the "Debtor") by and through

counsel, hereby files the *Chapter 7 Trustee's Omnibus Motion to Approve Settlement and*

*Compromise with Adversary Defendants (I) Aircenter, Inc.; and (II) New Country Motor Cars of*

*Palm Beach, LLC* [Main Case ECF No. 218] attached hereto as **Exhibit A.**

Dated this 10th day of January, 2020.

**GENOVESE JOBLOVE & BATTISTA, P.A.**
*Counsel for Plaintiff*
100 S.E. Second Street, 44th Floor
Miami, FL  33131
Tel: (305) 349-2300
Fax: (305) 349-2310

By:     /s/   Jesus M. Suarez
       Jesus M. Suarez, Esq.
       Fla. Bar No. 60086
       Email: jsuarez@gjb-law.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished via CM/ECF notification upon all interested parties registered to receive electronic notification on this matter and/or via U.S. Mail as indicated on the Service List below on this 20th day of January, 2020.

By: /s/  *Jesus M. Suarez*
Jesus M. Suarez, Esq.

## SERVICE LIST

**_Notice was served via CM/ECF upon:_**

Barry P Gruher on behalf of Plaintiff Robert C Furr
bgruher@gjb-law.com, vlambdin@gjb-law.com;gjbecf@gjb-law.com;cesser@gjb-law.com;gjbecf@ecf.courtdrive.com;chopkins@gjb-law.com

Jeffrey M Siskind on behalf of Interested Party Jeffrey M Siskind
jeffsiskind@msn.com, jmsesq500@gmail.com

Jesus M Suarez on behalf of Plaintiff Robert C Furr
jsuarez@gjb-law.com, gjbecf@gjb-law.com;chopkins@gjb-law.com;jzamora@gjb-law.com;ecastellanos@gjb-law.com;gjbecf@ecf.courtdrive.com

**Notice will be served via U. S. Mail upon**:

Daniel D. Barks, Esq.
*Counsel to Defendant*
Speiser Krause
1750 Tysons Boulevard
Suite 1500 PMB #41
McLean, VA 22102

# EXHIBIT "A"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                                    Case No. 18-16248-BKC-MAM
                                                          Chapter 7

CHANCE & ANTHEM, LLC

    Debtor.

_____/

### CHAPTER 7 TRUSTEE'S OMNIBUS MOTION TO APPROVE SETTLEMENT AND COMPROMISE WITH ADVERSARY DEFENDANTS (I) AIRCENTER, INC.; AND (II) NEW COUNTRY MOTOR CARS OF PALM BEACH, LLC

> **Any interested party who fails to file and serve a written response to this motion within 21 days after the date of service stated in this motion shall, pursuant to Local Rule 9013-1(D)(1), be deemed to have consented to the entry of an Order in the form attached to this motion. Any scheduled hearing may then be cancelled.**

**ROBERT C. FURR** (the "Trustee"), not individually but as Chapter 7 Trustee of the Bankruptcy Estate of the Debtor, Chance & Anthem, LLC (the "Debtor") by and through undersigned counsel, pursuant to Fed. R. Bank. P. 9019 and Local Rules 9013-1(D)(3) and 9019-1, hereby files this Omnibus Motion to Approve Settlement and Compromise with Adversary Defendants (I) Aircenter, Inc. ("Aircenter") and (II) New Country Motor Cars of Palm Beach, LLC d/b/a Mercedes Benz of Palm Beach ("MBPB") (Aircenter and MBPB are collectively referred to as the "Defendants" or "Settling Parties" and along with the Trustee, the "Parties"), and in support of thereof states as follows:

### BACKGROUND

1.    On January 29, 2019 (the "Petition Date") the Debtor, Chance and Anthem, LLC ("Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code (the "Petition") in the United States Bankruptcy Court for the District of Maryland (the "Maryland

Bankruptcy Court"), in the matter styled *In re Chance & Anthem, LLC*, Case No. 18-11168-TJC (the "Bankruptcy Case").

2. On May 24, 2018, the Bankruptcy Court for the District of Maryland entered its Memorandum and Order Transferring Venue To The Bankruptcy Court For the Southern District of Florida (the "Transfer Order")[ECF No. 73], transferring the Bankruptcy Case to this Court.

3. On May 25, 2018, the Plaintiff, Robert C. Furr, was duly appointed and is acting Chapter 7 Trustee of the Debtor's bankruptcy estate (the "Estate")[ECF No. 76].

4. On August 06, 2017, the Trustee filed the Adversary Complaints to Avoid and Recover Avoidable Transfer and For Other Relief (the "Adversary Complaints") [ECF No. 1] against the Defendants (the "Adversary Proceedings").

5. The Parties have engaged in good faith settlement discussions concerning the issues raised in the respective Adversary Proceedings and, in order to avoid the high costs and uncertainties of litigation, and without admitting fault or liability to each other whatsoever, have agreed to the following settlements. The Trustee's settlement agreement with Aircenter is attached hereto as **Exhibit "A"** and the settlement agreement with MBPB is attached as **Exhibit "B"**.

6. A brief explanation of the principal terms of each settlement is set forth below. Parties in interest are encouraged to read the settlement agreements carefully; in the event of an inconsistency between the terms of any settlement agreement and this Motion, the terms of the written settlement agreements shall control.

**A.    The Aircenter Settlement**

7. The parties reached a settlement on or about December 30, 2019.  The principal terms of the Trustee's settlement with Aircenter are:

a.      Aircenter shall pay the Trustee $5,001.00 (the "Settlement Amount") which shall be paid as follows:  (i) twelve equal monthly instalment payments of $416.75 (the "Installment Payments"); (ii) the first if twelve Installment Payments shall be due on January 15, 2020; and (iii) each of the subsequent Installment Payments shall be due on the 15th day of each month thereafter.  The Installment Payments shall be made by payable to Robert C. Furr, Chapter 7 Trustee, and delivered to the Trustee at Furr and Cohen, P.A., 2255 Glades Rd. Suite 337W, Boca Raton, FL 33431.

 b.      If the Settling Party fails to timely make payment of the Settlement Amount as set forth in paragraph 1 above, including the timely payment of any Installment Payment, the Parties agree that the Trustee shall have the right to proceed to final judgment against the Settling Party in the Adversary Proceeding in the amount of $17,000.00, upon the filing of an affidavit of nonpayment in the Adversary Proceeding, with notice to the Settling Party and the opportunity to be heard by the Bankruptcy Court, with such hearing to take place no less than thirty (30) calendar days from the date of the filing of an affidavit of non-payment pursuant to this paragraph.

c.      In consideration of, and upon receipt and clearance of the Settlement Amount, and upon an order of the Bankruptcy Court approving the Settlement becoming a Final Non-Appealable Order, the Trustee, on behalf of the Debtor, and any of its successors and assigns, and any of them (the foregoing collectively referred to as the "C&A Releasors"), does hereby release, waive, and discharge all rights, causes of actions, liabilities and claims that the Trustee, the Debtor, or their estates may hold against the Settling Party and any of its successors and assigns in law or in equity, whether known or unknown, foreseen or unforeseen, now existing or hereafter arising, matured or unmatured, whether or not hidden or concealed, whether based on tort, fraud, contract or otherwise, and/or any other obligations, claims, interests, or debts of any kind, which the C&A Releasors, from the beginning of time, heretofore or hereafter possessed or may possess against the Settling Party, on account of all claims, defenses, counterclaims alleged, or which could have been alleged by the C&A Releasors, including all claims alleged, or which could have been alleged in the Adversary Proceeding regarding the Transfers, as defined therein, except for the rights, duties and obligations as provided in this Settlement Agreement.

In consideration of the foregoing, the Settling Party and any of its  successors and assigns (the foregoing collectively referred to as the "Settling Releasors"), do hereby release, waive, and discharge all rights, causes of actions, liabilities and claims related to the Trustee, the Debtor, their estates or their property, in law or in equity, whether known or unknown, foreseen or unforeseen, now existing or hereafter arising, matured or unmatured, whether or not hidden or concealed, whether based on tort, fraud, contract or otherwise, and/or any other obligations, claims, interests, or debts of any kind, which the Settling Party, from the beginning of time, heretofore or hereafter possessed or may possess against the Trustee, the Debtor, the Estates or its representatives, agents and attorneys, on

3

account of all claims, defenses, counterclaims alleged, or which could have been alleged by the Settling Releasors, except for the rights, duties and obligations as provided in this Settlement Agreement.

d.      Within 10 days of the latter of (i) receipt and clearance of the Settlement Funds as set in paragraph 1 above, or (ii) an order of the Bankruptcy Court order approving the Settlement becoming a Final Non-Appealable Order, the Trustee will dismiss, with prejudice, the Adversary Proceeding, with each party to bear its own cost and fees incurred in relation to the Adversary Proceeding to date and all additional fees and costs which may be incurred through the approval of this Settlement.

**B.   The MBPB Settlement**

8.      The parties reached a settlement on or about December 13, 2019.  The principal terms of the Trustee's settlement with MBPB are:

a.      MBPB shall pay the Trustee $16,900.00 (the "Settlement Amount") within fourteen (14) calendar days of the entry of an order of the Bankruptcy Court approving the Settlement, by check payable to Robert C. Furr, Chapter 7 Trustee, and delivered to the Trustee at Furr and Cohen, P.A., 2255 Glades Rd. Suite 337W, Boca Raton, FL  33431.

b.      If the Settling Party fails to timely make payment of the Settlement Amount as set forth in paragraph 1 above, the Parties agree that the Trustee shall have the right to proceed to final judgment against the Settling Party in the Adversary Proceeding in the amount of $25,000.00, upon the filing of an affidavit of nonpayment in the Adversary Proceeding, with notice to the Settling Party and the opportunity to be heard by the Bankruptcy Court, with such hearing to take place no less than thirty (30) calendar days from the date of the filing of an affidavit of non-payment pursuant to this paragraph.

c.      In consideration of, and upon receipt and clearance of the Settlement Amount, and upon an order of the Bankruptcy Court approving the Settlement becoming a Final Non-Appealable Order, the Trustee, on behalf of the Debtor, and any of its successors and assigns, and any of them (the foregoing collectively referred to as the "C&A Releasors"), does hereby release, waive, and discharge all rights, causes of actions, liabilities and claims that the Trustee, the Debtor, or their estates may hold against the Settling Party and any of its successors and assigns in law or in equity, whether known or unknown, foreseen or unforeseen, now existing or hereafter arising, matured or unmatured, whether or not hidden or concealed, whether based on tort, fraud, contract or otherwise, and/or any other obligations, claims, interests, or debts of any kind, which the C&A Releasors, from the beginning of time, heretofore or hereafter possessed or may possess against the Settling Party, on account of all claims, defenses, counterclaims alleged, or which could have been alleged by the C&A Releasors, including all

4

claims alleged, or which could have been alleged in the Adversary Proceeding regarding the Transfers, as defined therein, except for the rights, duties and obligations as provided in this Settlement Agreement.

In consideration of the foregoing, the Settling Party and any of its successors and assigns (the foregoing collectively referred to as the "Settling Releasors"), do hereby release, waive, and discharge all rights, causes of actions, liabilities and claims related to the Trustee, the Debtor, their estates or their property, in law or in equity, whether known or unknown, foreseen or unforeseen, now existing or hereafter arising, matured or unmatured, whether or not hidden or concealed, whether based on tort, fraud, contract or otherwise, and/or any other obligations, claims, interests, or debts of any kind, which the Settling Party, from the beginning of time, heretofore or hereafter possessed or may possess against the Trustee, the Debtor, the Estates or its representatives, agents and attorneys, on account of all claims, defenses, counterclaims alleged, or which could have been alleged by the Settling Releasors, except for the rights, duties and obligations as provided in this Settlement Agreement.

d.  Within 10 days of the latter of (i) receipt and clearance of the Settlement Funds as set in paragraph 1 above, or (ii) an order of the Bankruptcy Court order approving the Settlement becoming a Final Non-Appealable Order, the Trustee will dismiss, with prejudice, the Adversary Proceeding, with each party to bear its own cost and fees incurred in relation to the Adversary Proceeding to date and all additional fees and costs which may be incurred through the approval of this Settlement.

## LEGAL ARGUMENT AND CITATION TO AUTHORITY

9.  Fed. R. Bankr. P. 9019(a) provides that: "On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct." Fed. R. Bankr. P. 9019(a).

10.  Approval of a settlement in a bankruptcy proceeding is within the sole discretion of the Court. *In re Arrow Air*, 85 BR 891 (Bankr. S.D. Fla. 1988). The standards for approval are well-settled and require the Court to inquire into the reasonableness of the proposed settlement. *See, e.g., Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968); *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir.), *cert. denied, sub nom., Cosoff v. Rodman*, 464 U.S. 822 (1983); *Fla. Trailer and Equip. Co. v. Deal*,

284 F.2d 567, 571 (5th Cir. 1960).  The inquiry need only determine whether the settlement falls below the lowest point of the range of reasonableness.  *See W.T. Grant Co.*, 699 F.2d at 608.

11.     In the Eleventh Circuit, the Court must consider the following factors in determining whether to approve the Settlement: (i) the probability of success in the litigation; (ii) the difficulties, if any, to be encountered in the matter of collection; (iii) the complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it; and (iv) the paramount interest of the creditors and proper deference to their reasonable views in the premises. *In re Justice Oaks, II, Ltd.*, 898 F.2d 1544, 1549 (11th Cir.), cert. denied, 498 U.S. 959 (1990) (establishing the legal standard for approval of settlements).

12.     In evaluating the settlements, the Court "need not rest its decision whether to approve a settlement upon a resolution of ultimate factual and legal issues which underlie the disputes that are proposed to be compromised … rather, the Court may, and should, make a pragmatic decision on the basis of all equitable factors." *In re Holywell Corp.*, 93 B.R. 291 (Bankr. S.D. Fla. 1988) (emphasis in original, citations omitted).

13.     In applying the foregoing factors, the Trustee respectfully submits that the settlement agreements falls well within the "range of reasonableness," and satisfy the legal standard set forth in *Justice Oaks*. With respect to the Michael Fitzpatrick Adversary and Jeff Collins Adversary, among other reasons supporting their approval, the Trustee asserts that the settlement agreements will cause substantial funds to be paid to the bankruptcy estates with minimal cost to the estate, as both cases are being resolved at a relatively early stages, and will eliminate the risk and high expense of protracted litigation, as well as the uncertainty attached to the outcome. While the professionals for the settling parties all feel strongly about their respective litigation positions, it is in the best interests of the bankruptcy estate to avoid expensive litigation.

14.     Based upon the foregoing, the Trustee respectfully requests that the Settlement Agreements be approved. A proposed omnibus order approving the settlement agreements is attached as **Exhibit "C".**

**WHEREFORE**, the Trustee respectfully requests this Court to enter an Order (i) approving the terms of the settlement agreements described herein; (ii) authorizing the parties to take any and all action and execute any and all documents necessary to effectuate the terms of the settlement agreements; (iii) reserving jurisdiction to enforce and interpret the terms of the settlement agreements; and (iv) awarding for any additional relief as the Court deems just and appropriate.

Dated:  January 10, 2020

GENOVESE JOBLOVE & BATTISTA, P.A.
Counsel to the Chapter 7 Trustee
100 S.E. 2nd Street, Suite 4400
Miami, FL  33131
Tel.: (305) 349-2300
Fax.: (305) 349-2310

By:/s/  Jesus M. Suarez
      John H. Genovese, Esq.
      Florida Bar No. 280852
      jgenovese@gjb-law.com
      Jesus M. Suarez, Esq.
      Fla. Bar No. 60086
      jsuarez@gjb-law.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via CM/ECF Notification and/or U.S. Mail to all parties on the attached service list on this 10th day of January, 2020.

By:/s/  Jesus M. Suarez
Jesus M. Suarez, Esq.

## SERVICE LIST

***Served via CM/ECF Notification upon:***

Julie Feigeles on behalf of Defendant OB Real Estate Holdings 1732, LLC
jf@womenatlawfl.com, way@womenatlawfl.com

Julie Feigeles on behalf of Defendant Wellington 3445, LP jf@womenatlawfl.com, way@womenatlawfl.com

Julie Feigeles on behalf of Defendant Zokaites Properties, LP
jf@womenatlawfl.com, way@womenatlawfl.com

Robert C Furr danderson@furrcohen.com, rcf@trustesolutions.net

John H Genovese, Esq on behalf of Trustee Robert C Furr jgenovese@gjb-law.com, hburke@gjb-law.com;gjbecf@gjb-law.com;gjbecf@ecf.courtdrive.com;jzamora@gjb-law.com

Barry P Gruher on behalf of Plaintiff Robert C Furr
bgruher@gjb-law.com, vlambdin@gjb-law.com;gjbecf@gjb-law.com;cesser@gjb-law.com;gjbecf@ecf.courtdrive.com;chopkins@gjb-law.com

Samantha T Haimo on behalf of Defendant OB Real Estate Holdings 1732, LLC
sth@womenatlawfl.com, way@swlawyers.law

Samantha T Haimo on behalf of Defendant Wellington 3445, LP
sth@womenatlawfl.com, way@swlawyers.law

Samantha T Haimo on behalf of Defendant Zokaites Properties, LP
sth@womenatlawfl.com, way@swlawyers.law

Philip B Harris on behalf of Defendant Advanced Avionics, LLC philip@philipbharris.com

Steven S Newburgh on behalf of Creditor 3485 Lago De Talavera Trust
snewburgh@mclaughlinstern.com,

ssn@newburghlaw.net;mgarcia@mclaughlinstern.com;lbrunet@mclaughlinstern.com

Steven S Newburgh on behalf of Creditor Carl Stone
snewburgh@mclaughlinstern.com,
ssn@newburghlaw.net;mgarcia@mclaughlinstern.com;lbrunet@mclaughlinstern.com

Steven S Newburgh on behalf of Creditor Christopher George
snewburgh@mclaughlinstern.com,
ssn@newburghlaw.net;mgarcia@mclaughlinstern.com;lbrunet@mclaughlinstern.com

Steven S Newburgh on behalf of Creditor David Fiore snewburgh@mclaughlinstern.com,
ssn@newburghlaw.net;mgarcia@mclaughlinstern.com;lbrunet@mclaughlinstern.com
Steven S Newburgh on behalf of Creditor Dianna George
snewburgh@mclaughlinstern.com,
ssn@newburghlaw.net;mgarcia@mclaughlinstern.com;lbrunet@mclaughlinstern.com

Steven S Newburgh on behalf of Creditor Frederick Volkwein
snewburgh@mclaughlinstern.com,
ssn@newburghlaw.net;mgarcia@mclaughlinstern.com;lbrunet@mclaughlinstern.com

Steven S Newburgh on behalf of Other Professional George W. Liebmann
snewburgh@mclaughlinstern.com,
ssn@newburghlaw.net;mgarcia@mclaughlinstern.com;lbrunet@mclaughlinstern.com

Office of the US Trustee USTPRegion21.MM.ECF@usdoj.gov

David A Ray, Esq. on behalf of Creditor Carl Stone
dray@draypa.com, draycmecf@gmail.com;sramirez.dar@gmail.com

Jeffrey M Siskind on behalf of Debtor Chance & Anthem, LLC
jeffsiskind@msn.com, jmsesq500@gmail.com

Jeffrey M Siskind on behalf of Defendant Jeffrey M Siskind
jeffsiskind@msn.com, jmsesq500@gmail.com

Jeffrey M Siskind on behalf of Interested Party Jeffrey M Siskind
jeffsiskind@msn.com, jmsesq500@gmail.com

Jesus M Suarez on behalf of Plaintiff Robert C Furr
jsuarez@gjb-law.com, gjbecf@gjb-law.com;chopkins@gjb-law.com;jzamora@gjb-law.com;ecastellanos@gjb-law.com;gjbecf@ecf.courtdrive.com

Jesus M Suarez on behalf of Plaintiff Robert C. Furr
jsuarez@gjb-law.com, gjbecf@gjb-law.com;chopkins@gjb-law.com;jzamora@gjb-law.com;ecastellanos@gjb-law.com;gjbecf@ecf.courtdrive.com

Jesus M Suarez on behalf of Trustee Robert C Furr

jsuarez@gjb-law.com, gjbecf@gjb-law.com;chopkins@gjb-law.com;jzamora@gjb-law.com;ecastellanos@gjb-law.com;gjbecf@ecf.courtdrive.com

Stuart A Young, Esq on behalf of Creditor 27120 Ocean Gateway, LLC syoung@ybplaw.com

Stuart A Young, Esq on behalf of Creditor Alan Bias syoung@ybplaw.com


**<u>Notice will be served via U.S. Mail and E-Mail</u>**

Trudy Boulia, Esq.
Counsel for Defendant, MBPB
Jonathan P. Harvey Law Firm, PLLC
677 Broadway
Albany, NY 12207
TBoulia@jpharveylaw.com

Daniel D. Barks, Esq.
*Counsel to Defendant, Aircenter*
Speiser Krause
1750 Tysons Boulevard
Suite 1500 PMB #41
McLean, VA 22102
ddb@speiserkrause.com


**All Parties on the Attached Creditor's Mailing Matrix**

Label Matrix for local noticing
113C-9
Case 18-16248-MAM
Southern District of Florida
West Palm Beach
Fri Jan 10 10:51:59 EST 2020

27120 Ocean Gateway, LLC
7745 Dawson Court
Lake Worth, FL 33467-7719

3485 Lago De Talavera Trust
c/o Sofiye Williams, Esq.
500 E. Broward Blvd.
Suite 1710
Fort Lauderdale, FL 33394-3005

Chance & Anthem, LLC
3445 Santa Barbara Drive
Wellington, FL 33414-7269

Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130-1614

Sarenil Associates
c/o Zaretsky Law Group
1615 Forum Place. Suite 3-A
West Palm Beach, FL 33401-2316

3485 Lago De Talavera Trust
c/o Sofiye Williams, PA
500 E. Broward Blvd., Suite 1710
Fort Lauderdale, FL 33394-3005

3GEN VC, LLC
c/o Gerald Cantor
4000 Hollywood Boulevard #500-N
Hollywood, FL 33021-1224

ABK South Properties, LLC
c/o George Booras, Esq.
1371 Hill Ave
Melbourne, FL 32940-6948

All Pro Pool Service
13557 Barberry Drive
Wellington, FL 33414-8518

Apostle Construction
716 Naylor Mill Road
Salisbury, MD 21801-1114

Bay Area Disposal
POB 189
Owings, MD 20736-0189

Beaver Tree Service
POB 2476
Salisbury, MD 21802-2476

Christopher George and Dianna George
c/o Dianna George
6126 Park Lane W.
Lake Worth, FL 33449-6620

Comptroller of the Treasury
Compliance Division, Room 409
301 W. Preston Street
Baltimore, MD 21201-2305

David Fiore and Carl Stone
c/o Carl Stone
1714 Hunters Path Lane
Pittsburgh, PA 15241-3153

David Fiore, et al.
c/o Sofiye Williams, Esq.
500 E. Broward Blvd.
#1710
Fort Lauderdale, FL 33394-3005

Delmarva Power
5 Collins Drive #2133
Mail Stop 84CP42
Carneys Point, NJ 08069-3600

Delmarva Power & Light Co.
500 N Wakefield Dr Fl 2
Newark, DE 19702-5440

Edgar A. Baker, Jr., Esq.
Wicomico County Department of Law
125 North Division Street, Room 101
Salisbury, MD 21801-5030

Frank R Zokaites
375 Golfside Dr
Wexford PA 15090-9419

Frederick R. Volkwein
2727 Rosemary Avenue #3
West Palm Beach, FL 33407-5310

Haynes Scaffolding & Supply, Inc.
1210 Ortega Road
West Palm Beach, FL 33405-1077

PTM Electric, Inc.
16971 W. Hialeah Drive
Loxahatchee, FL 33470-3729

Richard Barclay Neff Jr
2760 Meadowlark Lane
West Palm Beach, Florida 33409-2019

Richard Bell
16192 Coastal Highway
Lewes, DE 19958-3608

Richard Bell
16192 Coastal Highway
Lewes, Delaware 19958-3608

Richard Neff
2760 Meadowlark Lane
West Palm Beach, Florida 33409-2019

Richard P. Zaretsky, Esq.
1615 Forum Place
Suite 3A
West Palm Beach, FL 33401-2267

Sarenil Associates, LLC c/o Frederick Volkwe
1615 Forum Place
Suite 3A
West Palm Beach, FL 33401-2316

Sovereign Gaming & Entertainment, LLC
3485 Lago De Talavera
Wellington, FL 33467-1071

State of Maryland DLLR
Division of Unemployment Insurance
1100 N. Eutaw Street, Room 401
Baltimore, MD 21201-2225

Steven S. Newburgh, Esq.
McLaughlin & Stern PLLC
CityPlace Office Tower - Suite 1700
525 Okeechobee Boulevard
West Palm Beach, FL 33401-6349


T.E. Smith & Son, Inc.
2043 Northwood Drive
Salisbury, MD 21801-7800

Wellington 3445, LP
375 Golfside Road
Wexford, PA 15090-9419

Alan Barbee
GlassRatner Advisory & Capital Group
1400 Centrepark Blvd #860
West Palm Beach, FL 33401-7421


Alan Bias
7745 Dawson Court
Lake Worth, FL 33467-7719

Carl Stone
c/o Sofiye Williams PA
500 E Broward Blvd., #1710
Ft Lauderdale, FL 33394-3005

Christopher George
c/o Sofiye Williams, Esq.
500 E. Broward Blvd.
Suite 1710
Fort Lauderdale, FL 33394-3005


David Fiore
c/o Sofiye Williams, Esq.
500 E. Broward Blvd.
Suite 1710
Fort Lauderdale, FL 33394-3005

Dianna George
c/o Sofiye Williams PA
500 E. Broward Blvd., #1710
Ft Lauderdale, FL 33394-3005

Frederick Volkwein
c/o Richard P. Zaretsky, Esq.
1615 Forum Place, Suite 3A
West Palm Beach, FL 33401-2316


George W. Liebmann
Law Offices of George W. Liebmann, P.A.
8 West Hamilton Street
Baltimore, MD 21201-5008

Jeffrey M Siskind
3465 Santa Barbara Drive
Wellington, FL 33414-7269

Robert C Furr
www.furrtrustee.com
2255 Glades Road Ste 301E
Boca Raton, FL 33431-7383


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(u)West Palm Beach

(d)27120 Ocean Gateway, LLC
7745 Dawson Court
Lake Worth, FL 33467-7719

(d)27120 Ocean Gateway, LLC
7745 Dawson Court
Lake Worth, FL 33467-7719


(d)3GEN VC, LLC
c/o Gerald Cantor
4000 Hollywood Boulevard #500-N
Hollywood, FL 33021-1224

(d)ABK South Properties, LLC
c/o George Booras, Esq.
1371 Hill Avenue
Melbourne, FL 32940-6948

(d)All Pro Pool Service
13557 Barberry Drive
Wellington, FL 33414-8518


(d)Apostle Construction
716 Naylor Mill Road
Salisbury, MD 21801-1114

(d)Bay Area Disposal
POB 189
Owings, MD 20736-0189

(d)Beaver Tree Service
POB 2476
Salisbury, MD 21802-2476


(d)David Fiore, et al.
c/o Sofiye Williams, Esq.
500 E. Broward Blvd. #1710
Fort Lauderdale, FL 33394-3005

(d)Frederick R. Volkwein
2727 Rosemary Avenue #3
West Palm Beach, FL 33407-5310

(d)Haynes Scaffolding & Supply, Inc.
1210 Ortega Road
West Palm Beach, FL 33405-1077

(d)PTM Electric, Inc.
16971 W. Hialeah Drive
Loxahatchee, FL 33470-3729

(d)Sovereign Gaming & Entertainment, LLC
INVALID ADDRESS PROVIDED

(d)T.E. Smith & Son, Inc.
2043 Northwood Drive
Salisbury, MD 21801-7800


(d)Frank R. Zokaites
375 Golfside Dr
Wexford, PA 15090-9419

(d)Jeffrey M Siskind
3465 Santa Barbara Drive
Wellington, FL 33414-7269

End of Label Matrix
Mailable recipients    44
Bypassed recipients    17
Total                  61

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                                     Case No. 18-16248-BKC-MAM
                                                           Chapter 7
CHANCE & ANTHEM, LLC,

      Debtor.

_____/

ROBERT C. FURR, not individually but                       ADV. NO. 19-01299-MAM
as Chapter 7 Trustee of the estate of the
Debtor, Chance & Anthem, LLC,

      Plaintiff,

v.

AIR CENTER, INC.,

      Defendant.

_____/

## SETTLEMENT AGREEMENT

      **THIS SETTLEMENT AGREEMENT** was entered on the date stated below, by and between (i) Robert C. Furr (the "Trustee" or "Plaintiff"), not individually but as Chapter 7 Trustee of the bankruptcy estate of the Debtor Chance & Anthem, LLC ("C&A" or the "Debtor") and (ii)  AIR CENTER, INC. ("Air Center" or "the "Settling Party") ("Air Center", and together with the Trustee, the "Parties," or each individually, "Party").

      **WHEREAS,** On January 29, 2019 (the "Petition Date") the Debtor, Chance and Anthem, LLC ("Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code (the "Petition") in the United States Bankruptcy Court for the District of Maryland (the "Maryland Bankruptcy Court"), in the matter styled In re Chance & Anthem, LLC, Case No. 18-11168-TJC (the "Bankruptcy Case").

      **WHEREAS**, On May 24, 2018, the Bankruptcy Court for the District of Maryland entered its Memorandum and Order Transferring Venue To The Bankruptcy Court For the Southern District of Florida (the "Transfer Order")[ECF No. 73], transferring the Bankruptcy Case to this Court.

      **WHEREAS**, On May 25, 2018, the Plaintiff, Robert C. Furr, was duly appointed and is acting Chapter 7 Trustee (the "Trustee") of the Debtor's bankruptcy estate (the "Estate")[ECF No. 76].

WHEREAS, on August 6, 2019, the Trustee commenced an adversary proceeding in the Bankruptcy Case (Adversary Case No. 19-01299-MAM-A)(the "Adversary Proceeding") to recover certain transfers from the Debtor to Air Center.  [Adv. ECF No. 1].

WHEREAS, the Settling Party has advised the Trustee of his intention to vigorously defend the claims asserted against him and has disputed the Trustee's entitlement to avoid and recover such amounts.

WHEREAS, in the interest of avoiding further costly and time-consuming litigation, the Trustee and the Settling Party have agreed to the terms set forth in this Settlement Agreement (the "Settlement");

THEREFORE, in consideration of the foregoing and the agreements set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties, intending to be legally bound, agree as follows:

1.   AirCenter shall pay the Trustee $5,001.00 (the "Settlement Amount") which shall  be paid as follows:  (i) twelve equal monthly installment payments of $416.75 (the "Installment Payments"); (ii) the first if twelve Installment Payments shall be due on January 15, 2020; and (iii) each of the subsequent Installment Payments shall be due on the 15th day of each month thereafter.  The Installment Payments shall be made by payable to Robert C. Furr, Chapter 7 Trustee, and delivered to the Trustee at Furr and Cohen, P.A., 2255 Glades Rd. Suite 337W, Boca Raton, FL  33431.

2.   If the Settling Party fails to timely make payment of the Settlement Amount as set forth in paragraph 1 above, including the timely payment of any Installment Payment, the Parties agree that the Trustee shall have the right to proceed to final judgment against the Settling Party in the Adversary Proceeding in the amount of $17,000.00, upon the filing of an affidavit of nonpayment in the Adversary Proceeding, with notice to the Settling Party and the opportunity to be heard by the Bankruptcy Court, with such hearing to take place no less than thirty (30) calendar days from the date of the filing of an affidavit of non-payment pursuant to this paragraph.

3.   In consideration of, and upon receipt and clearance of the Settlement Amount, and upon an order of the Bankruptcy Court approving the Settlement becoming a Final Non-Appealable Order, the Trustee, on behalf of the Debtor, and any of its successors and assigns, and any of them (the foregoing collectively referred to as the "C&A Releasors"), does hereby release, waive, and discharge all rights, causes of actions, liabilities and claims that the Trustee, the Debtor, or their estates may hold against the Settling Party and any of its successors and assigns in law or in equity, whether known or unknown, foreseen or unforeseen, now existing or hereafter arising, matured or unmatured, whether or not hidden or concealed, whether based on tort, fraud, contract or otherwise, and/or any other obligations, claims, interests, or debts of any kind, which the C&A Releasors, from the beginning of time, heretofore or hereafter possessed or may possess against the Settling Party, on account of all claims, defenses, counterclaims alleged, or which could have been alleged by the C&A Releasors, including all claims alleged, or which

2

could have been alleged in the Adversary Proceeding regarding the Transfers, as defined therein, except for the rights, duties and obligations as provided in this Settlement Agreement.

In consideration of the foregoing, the Settling Party and any of its successors and assigns (the foregoing collectively referred to as the "Settling Releasors"), do hereby release, waive, and discharge all rights, causes of actions, liabilities and claims related to the Trustee, the Debtor, their estates or their property, in law or in equity, whether known or unknown, foreseen or unforeseen, now existing or hereafter arising, matured or unmatured, whether or not hidden or concealed, whether based on tort, fraud, contract or otherwise, and/or any other obligations, claims, interests, or debts of any kind, which the Settling Party, from the beginning of time, heretofore or hereafter possessed or may possess against the Trustee, the Debtor, the Estates or its representatives, agents and attorneys, on account of all claims, defenses, counterclaims alleged, or which could have been alleged by the Settling Releasors, except for the rights, duties and obligations as provided in this Settlement Agreement.

4.    Within 10 days of the latter of (i) receipt and clearance of the Settlement Funds as set in paragraph 1 above, or (ii) an order of the Bankruptcy Court order approving the Settlement becoming a Final Non-Appealable Order, the Trustee will dismiss, with prejudice, the Adversary Proceeding, with each party to bear its own cost and fees incurred in relation to the Adversary Proceeding to date and all additional fees and costs which may be incurred through the approval of this Settlement.

5.    Miscellaneous.

(a)    Entire Agreement.  The Parties hereby acknowledge that this Settlement constitutes the entire agreement by and between the Trustee and the Settling Party and that there are no communications or oral understandings by or between the Parties contrary to or different from this Settlement.

(b)    Amendment.  The terms and provisions of this Settlement cannot be amended, modified or supplemented orally or by course of conduct or course of dealing, but only in a writing signed by each of the Parties.

(c)    Waivers.  The failure of a Party to require performance of any provision of this Settlement shall in no manner affect its right at a later time to enforce such provision.  No waiver by a Party of any condition or of any breach of any term, covenant, representation or warranty contained in this Settlement shall be effective unless in writing, and no waiver in any one or more instances shall be deemed to be a further or continuing waiver of any such condition or breach in other instances or a waiver of any other condition or breach of any other term, covenant, representation or warranty.

(d)    Counterparts.  This Settlement may be executed in one or more counterparts, or by the Parties in separate counterparts, each of which when so executed shall be deemed an original, but all of which together shall constitute one and the same instrument.

3

(e)    Interpretation.  None of the Parties shall be considered the draftsman of this Settlement, and there shall be no presumption of construing ambiguities or interpretations under this Settlement against a particular Party**.**

(f)    Assignment.  This Settlement shall be binding upon and inure to the benefit of the Parties and their respective estates, heirs, legal representatives, successors and assigns; provided, however that no assignment or transfer of this Settlement shall be permissible except by (i) operation of law, or (ii) pursuant to an order of the Bankruptcy Court.

(g)    Severability.  If any provision of this Settlement Agreement shall be held invalid or unenforceable, the validity, legality or enforceability of the other provisions of this Settlement shall not be affected, and the Parties shall use best forth efforts to remedy any invalid or unenforceable provisions by substituting a valid and enforceable provision as similar as possible to the provision at issue.

(h)    Applicable Law.  This Settlement shall be governed by and construed and enforced in accordance with the laws of the State of Florida to the extent state law is applicable.

(i)    Jurisdiction and Venue.  The Parties agree that the Bankruptcy Court shall retain jurisdiction to enforce and construe the provisions of this Settlement and the Parties consent to the Bankruptcy Court's exercise of personal and subject matter jurisdiction (including "core" jurisdiction) to adjudicate any disputes that might arise under this Settlement.

(j)    Prevailing Party Fees.  The Parties agree to pay all fees, costs and expenses incurred by the prevailing party, as determined by a court of competent jurisdiction, in connection with the enforcement and litigation of this Settlement, including all reasonable related attorneys' fees, court costs and expert witness fees, whether incurred prior to litigation, during litigation or post-litigation and including bankruptcy, mediation or arbitration proceedings.

(k)    Debtor's Estate.  The term "Debtor's Estate," as used in this Settlement, shall have the meaning described in 11 U.S.C. § 541.

6.    All notices required or permitted to be given under this Settlement shall be in writing and shall be deemed delivered when personally delivered or received from an overnight delivery courier service in addition to service via e-mail, addressed as follows:

4

If to the Settling Party:

Daniel Barks, Esq.
Speiser Krause
1750 Tysons Boulevard, Suite 1500 PMB #41
McLean, VA 22102
Telephone: (571) 814-3344
Facsimile: (866) 936-6382
Email: ddb@speiserkrause.com

If to the Trustee:

Robert C. Furr
Furr and Cohen, P.A.
2255 Glades Rd. Suite 337w
Boca Raton, Fl 33431
Office 561-395-0500
E-Mail: rfurr@furrcohenpa.com

with a copy to:

Jesus M. Suarez, Esq.
Genovese Joblove & Battista, P.A.
100 S.E. Second Street - Suite 4400
Miami, Florida 33131
E-Mail: jsuarez@gjb-law.com

7.      Each party to this Settlement represents and warrants that it is duly authorized to execute this Settlement and that the person through whom each party executes this Settlement is fully and duly empowered and authorized to execute it on the respective party's behalf.

5

**IN WITNESS WHEREOF**, the Parties hereto have caused this Settlement to be executed and delivered as of the date first above written.

Dated: December __, 2019

**Robert C. Furr, Chapter 7 Trustee of
Chance & Anthem, LLC**

_____

January 6, 20

Dated: ~~December__, 2019~~

**AIR CENTER, INC.**

_____

BY: _David Di Pietro, Esq._ For and with Permission of Gary Gadbury, sole

ITS: Counsel                                          owner Air Center, Inc,

6

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                          Case No. 18-16248-BKC-MAM
                                                Chapter 7
CHANCE & ANTHEM, LLC,

        Debtor.
_____/

ROBERT C. FURR, not individually but           ADV. NO. 19-01300-MAM
as Chapter 7 Trustee of the estate of the
Debtor, Chance & Anthem, LLC,

        Plaintiff,
v.

NEW COUNTRY MOTOR CARS
OF PALM BEACH, LLC d/b/a
MERCEDES BENZ OF PALM BEACH,

        Defendant.
_____/

## SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT** was entered on the date stated below, by and between (i) Robert C. Furr (the "Trustee" or "Plaintiff"), not individually but as Chapter 7 Trustee of the bankruptcy estate of the Debtor Chance & Anthem, LLC ("C&A" or the "Debtor") and (ii) NEW COUNTRY MOTOR CARS OF PALM BEACH, LLC d/b/a MERCEDES BENZ OF PALM BEACH  ("MBPB" or "the Settling Party") ("MBPB", and together with the Trustee, the "Parties," or each individually, "Party").

**WHEREAS,** on January 29, 2019 (the "Petition Date") the Debtor, Chance and Anthem, LLC ("Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code (the "Petition") in the United States Bankruptcy Court for the District of Maryland (the "Maryland Bankruptcy Court"), in the matter styled In re Chance & Anthem, LLC, Case No. 18-11168-TJC (the "Bankruptcy Case").

**WHEREAS**, on May 24, 2018, the Bankruptcy Court for the District of Maryland entered its Memorandum and Order Transferring Venue To The Bankruptcy Court For the Southern District of Florida (the "Transfer Order")[ECF No. 73], transferring the Bankruptcy Case to this Court.

**WHEREAS,** on May 25, 2018, the Plaintiff, Robert C. Furr, was duly appointed and is acting Chapter 7 Trustee (the "Trustee") of the Debtor's bankruptcy estate (the "Estate")[ECF No. 76].

**WHEREAS,** on August 7, 2019, the Trustee commenced an adversary proceeding in the Bankruptcy Case (Adversary Case No. 19-01300-MAM-A)(the "Adversary Proceeding") to recover certain transfers from the Debtor to MBPB. [Adv. ECF No. 1].

**WHEREAS,** the Settling Party has advised the Trustee of his intention to vigorously defend the claims asserted against him and has disputed the Trustee's entitlement to avoid and recover such amounts.

**WHEREAS,** in the interest of avoiding further costly and time-consuming litigation, the Trustee and the Settling Party have agreed to the terms set forth in this Settlement Agreement (the "Settlement");

**THEREFORE,** in consideration of the foregoing and the agreements set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties, intending to be legally bound, agree as follows:

1.  MBPB shall pay the Trustee $16,900.00 (the "Settlement Amount") within fourteen (14) calendar days of the entry of an order of the Bankruptcy Court approving the Settlement, by check payable to Robert C. Furr, Chapter 7 Trustee, and delivered to the Trustee at Furr and Cohen, P.A., 2255 Glades Rd. Suite 337W, Boca Raton, FL 33431.

2.  If the Settling Party fails to timely make payment of the Settlement Amount as set forth in paragraph 1 above, the Parties agree that the Trustee shall have the right to proceed to final judgment against the Settling Party in the Adversary Proceeding in the amount of $25,000.00, upon the filing of an affidavit of nonpayment in the Adversary Proceeding, with notice to the Settling Party and the opportunity to be heard by the Bankruptcy Court, with such hearing to take place no less than thirty (30) calendar days from the date of the filing of an affidavit of non-payment pursuant to this paragraph.

3.  In consideration of, and upon receipt and clearance of the Settlement Amount, and upon an order of the Bankruptcy Court approving the Settlement becoming a Final Non-Appealable Order, the Trustee, on behalf of the Debtor, and any of its successors and assigns, and any of them (the foregoing collectively referred to as the "C&A Releasors"), does hereby release, waive, and discharge all rights, causes of actions, liabilities and claims that the Trustee, the Debtor, or their estates may hold against the Settling Party and any of its successors and assigns in law or in equity, whether known or unknown, foreseen or unforeseen, now existing or hereafter arising, matured or unmatured, whether or not hidden or concealed, whether based on tort, fraud, contract or otherwise, and/or any other obligations, claims, interests, or debts of any kind, which the C&A Releasors, from the beginning of time, heretofore or hereafter possessed or may possess against the Settling Party, on account of all claims, defenses, counterclaims alleged, or which could have been alleged by the C&A Releasors, including all claims alleged, or which

[12094-001/3113594/1]                    2

could have been alleged in the Adversary Proceeding regarding the Transfers, as defined therein, except for the rights, duties and obligations as provided in this Settlement Agreement.

In consideration of the foregoing, the Settling Party and any of its successors and assigns (the foregoing collectively referred to as the "Settling Releasors"), do hereby release, waive, and discharge all rights, causes of actions, liabilities and claims related to the Trustee, the Debtor, their estates or their property, in law or in equity, whether known or unknown, foreseen or unforeseen, now existing or hereafter arising, matured or unmatured, whether or not hidden or concealed, whether based on tort, fraud, contract or otherwise, and/or any other obligations, claims, interests, or debts of any kind, which the Settling Party, from the beginning of time, heretofore or hereafter possessed or may possess against the Trustee, the Debtor, the Estates or its representatives, agents and attorneys, on account of all claims, defenses, counterclaims alleged, or which could have been alleged by the Settling Releasors, except for the rights, duties and obligations as provided in this Settlement Agreement.

4.    Within 10 days of the latter of (i) receipt and clearance of the Settlement Funds as set in paragraph 1 above, or (ii) an order of the Bankruptcy Court order approving the Settlement becoming a Final Non-Appealable Order, the Trustee will dismiss, with prejudice, the Adversary Proceeding, with each party to bear its own cost and fees incurred in relation to the Adversary Proceeding to date and all additional fees and costs which may be incurred through the approval of this Settlement.

5.    Miscellaneous.

(a)    Entire Agreement.  The Parties hereby acknowledge that this Settlement constitutes the entire agreement by and between the Trustee and the Settling Party and that there are no communications or oral understandings by or between the Parties contrary to or different from this Settlement.

(b)    Amendment.  The terms and provisions of this Settlement cannot be amended, modified or supplemented orally or by course of conduct or course of dealing, but only in a writing signed by each of the Parties.

(c)    Waivers.  The failure of a Party to require performance of any provision of this Settlement shall in no manner affect its right at a later time to enforce such provision.  No waiver by a Party of any condition or of any breach of any term, covenant, representation or warranty contained in this Settlement shall be effective unless in writing, and no waiver in any one or more instances shall be deemed to be a further or continuing waiver of any such condition or breach in other instances or a waiver of any other condition or breach of any other term, covenant, representation or warranty.

(d)    Counterparts.  This Settlement may be executed in one or more counterparts, or by the Parties in separate counterparts, each of which when so executed shall be deemed an original, but all of which together shall constitute one and the same instrument.

    (e) <u>Interpretation</u>.  None of the Parties shall be considered the draftsman of this Settlement, and there shall be no presumption of construing ambiguities or interpretations under this Settlement against a particular Party.

    (f) <u>Assignment</u>.  This Settlement shall be binding upon and inure to the benefit of the Parties and their respective estates, heirs, legal representatives, successors and assigns; provided, however that no assignment or transfer of this Settlement shall be permissible except by (i) operation of law, or (ii) pursuant to an order of the Bankruptcy Court.

    (g) <u>Severability</u>.  If any provision of this Settlement Agreement shall be held invalid or unenforceable, the validity, legality or enforceability of the other provisions of this Settlement shall not be affected, and the Parties shall use best forth efforts to remedy any invalid or unenforceable provisions by substituting a valid and enforceable provision as similar as possible to the provision at issue.

    (h) <u>Applicable Law</u>.  This Settlement shall be governed by and construed and enforced in accordance with the laws of the State of Florida to the extent state law is applicable.

    (i) <u>Jurisdiction and Venue</u>.  The Parties agree that the Bankruptcy Court shall retain jurisdiction to enforce and construe the provisions of this Settlement and the Parties consent to the Bankruptcy Court's exercise of personal and subject matter jurisdiction (including "core" jurisdiction) to adjudicate any disputes that might arise under this Settlement.

    (j) <u>Prevailing Party Fees</u>.  The Parties agree to pay all fees, costs and expenses incurred by the prevailing party, as determined by a court of competent jurisdiction, in connection with the enforcement and litigation of this Settlement, including all reasonable related attorneys' fees, court costs and expert witness fees, whether incurred prior to litigation, during litigation or post-litigation and including bankruptcy, mediation or arbitration proceedings.

    (k) <u>Debtor's Estate</u>.  The term "Debtor's Estate," as used in this Settlement, shall have the meaning described in 11 U.S.C. § 541.

  6. All notices required or permitted to be given under this Settlement shall be in writing and shall be deemed delivered when personally delivered or received from an overnight delivery courier service in addition to service via e-mail, addressed as follows:

If to the Settling Party:

Trudy Boulia, Esq.
Jonathan P. Harvey Law Firm, PLLC
358 Broadway, Suite 404
Saratoga Springs, NY 12866
Telephone: (518) 463.4491
Facsimile: (518) 463.5665
Email: tboulia@jpharveylaw.com

If to the Trustee:

Robert C. Furr
Furr and Cohen, P.A.
2255 Glades Rd. Suite 337w
Boca Raton, Fl 33431
Office 561-395-0500
E-Mail: rfurr@furrcohenpa.com

with a copy to:

Jesus M. Suarez, Esq.
Genovese Joblove & Battista, P.A.
100 S.E. Second Street - Suite 4400
Miami, Florida 33131
E-Mail: jsuarez@gjb-law.com

7.     Each party to this Settlement represents and warrants that it is duly authorized to
execute this Settlement and that the person through whom each party executes this Settlement is
fully and duly empowered and authorized to execute it on the respective party's behalf.

**IN WITNESS WHEREOF**, the Parties hereto have caused this Settlement to be executed and delivered as of the date first above written.

Dated: December __, 2019

**Robert C. Furr, Chapter 7 Trustee of**
**Chance & Anthem, LLC**

Dated: December __, 2019

**NEW COUNTRY MOTOR CARS OF**
**PALM BEACH, LLC d/b/a MERCEDES**
**BENZ OF PALM BEACH.**

BY:
ITS:

[12094-001/3113594/1]                6.

# EXHIBIT C

## [Proposed Order]

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                          Case No. 18-16248-BKC-MAM
                                                Chapter 7
CHANCE & ANTHEM, LLC

     Debtor.

_____/

### ORDER GRANTING
### CHAPTER 7 TRUSTEE'S OMNIBUS MOTION TO APPROVE SETTLEMENT AND
### COMPROMISE WITH ADVERSARY DEFENDANTS (I) AIRCENTER, INC.
### AND (II) NEW COUNTRY MOTOR CARS OF PALM BEACH, LLC

THIS MATTER came before the Court without a hearing upon the Omnibus Motion to

Approve Settlement and Compromise with Adversary Defendants (I) Aircenter, Inc. and (II)

New Country Motor Cars of Palm Beach, LLC d/b/a Mercedes Benz of Palm Beach. [ECF No.

____] (the "Motion") filed by Robert C. Furr (the "Trustee"), not individually but as Chapter 7

Trustee of the bankruptcy estate of the Debtor Chance & Anthem, LLC (the "Debtor"). The

Court, having noted that the Motion was served on all creditors and parties in interest pursuant to

Local Rule 9013-1(D) and that no objection was filed, and having found pursuant to Fed. R.

Bankr. P. 9019 that the settlement reflected in the Motion is reasonable and in the best interests

of all creditors and the estate, and being otherwise fully advised in the premises, it is

      **ORDERED** as follows:

      1.      The Motion is **GRANTED**.

      2.      The terms of each of the settlement agreements attached as Exhibits "A" and "B",

to the Motion are approved and incorporated by reference as if fully set forth herein.

      3.      The Trustee and the counter-parties to each of the settlement agreements are

authorized and directed to take any and all actions and execute any and all documents necessary

to effectuate the terms of the settlement agreements.

      4.      The Court retains jurisdiction to enforce the terms of the settlement agreements.

# # #

Submitted by:

Jesus M. Suarez, Esq.
Genovese Joblove & Battista, P.A.
100 S.E. Second Street, 44th Floor
Miami, Florida 33131
Tel.: (305) 349-2300
Fax: (305) 349-2310
Email:  jsuarez@gjb-law.com

Copy to:

Jesus M. Suarez, Esq. [Attorney Suarez is hereby directed to furnished a conformed copy hereof to all
parties in interest immediately upon receipt and file a certificate of service with the court.]